IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ESMERALDA DELGADO, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| HWY 9 MEX FOOD MART INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Esmeralda Delgado (hereinafter "Plaintiff"), and files this lawsuit against Defendant Hwy 9 Mex Food Mart Inc. (hereinafter "Defendant"), showing following:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Hwy 9 Mex Food Mart Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 11240 Alpharetta Hwy. Suite 250, Roswell, GA, 30076.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## **PARTIES**

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendants from January 2012 through December 8, 2013, as a cashier.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant Hwy 9 Mex Food Mart Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Hwy 9 Mex Food Mart Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

14.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to food products and other retail items sold and moved in interstate commerce.

## FACTUAL ALLEGATIONS

15.

Plaintiff worked for the Defendants within the past three years.

16.

Plaintiff's primary duty was assisting customers with checking out and paying for items.

17.

Plaintiff did not manage or supervise other employees.

18.

At hire, Plaintiff was paid $7.00 per hour. At the time of her termination, Plaintiff was paid $500 per week.

19.

Plaintiff routinely worked over sixty hours per week in performing her job duties for Defendant and rarely, if ever, took a lunch break.

20.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## COUNT ONE
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

21.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

22.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

23.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

25.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records

with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

26.

Defendant's conduct was willful and in bad faith.

27.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## COUNT TWO
## VIOLATION OF THE MINIMUM WAGE PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

28.

Defendant has violated 29 U.S.C. §206 by failing to pay the minimum wage for hours worked by Plaintiff.

29.

Defendant suffered and permitted Plaintiff to routinely work without paying the minimum wage for each hour worked.

30.

Defendant's actions, policies and/or practices violate the FLSA's minimum wage requirement by regularly and repeatedly failing to compensate Plaintiff at the required minimum wage.

31.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff the minimum wage in violation of the FLSA.

32.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

33.

Defendant's conduct was willful and in bad faith.

34.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the minimum wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 24th day of April, 2014.

**BARRETT & FARAHANY, LLP**

/s/ Abigail J. Larimer
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
Abigail J. Larimer
Georgia Bar No. 999229
*Attorneys for Esmeralda Delgado*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
abigail@bf-llp.com